# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOUIE GRIJALVA, | 1:11-cv-00719-SKO (PC) |
| Plaintiff, | ORDER TRANSFERRING CASE TO THE CENTRAL DISTRICT OF CALIFORNIA |
| vs. | |
| CALIFORNIA MEN'S COLONY, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se, filed a civil complaint on May 5, 2011. The complaint seeks redress for the allegedly wrongful prison disciplinary conviction of trafficking in drugs, cell phones, and other contraband at the California Men's Colony in San Luis Obispo.

The federal venue statute requires that a civil action, other than one based on diversity jurisdiction, be brought only in "(1) a judicial district where any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b).

The events giving rise to Plaintiff's claims occurred in San Luis Obispo County, which is in the Central District of California. Therefore, Plaintiff's complaint should have been filed in the United States District Court for the Central District of California. In the interest of justice, a federal

-1-

court may transfer a complaint filed in the wrong district to the correct district. 28 U.S.C. § 1406(a); <u>Costlow v. Weeks</u>, 790 F.2d 1486, 1488 (9th Cir. 1986); <u>Davis v. Mason County</u>, 927 F.2d 1473, 1479 (9th Cir. 1991).

Accordingly, IT IS HEREBY ORDERED that this matter is transferred to the United States District Court for the Central District of California.

IT IS SO ORDERED.

**Dated:   May 9, 2011**                                /s/ Sheila K. Oberto
                                                        UNITED STATES MAGISTRATE JUDGE